# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS §<br>　　Plaintiff §<br>v. §<br>　　 §<br>SHENZHEN TENDA TECHNOLOGY §<br>CO., LTD. §<br>　　Defendant | Civil Action No. 4:19-cv-880<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment Against Shenzhen Tenda Technology Co., Ltd. (Dkt. #20). Having considered the Motion, the lack of response thereto, the Court finds the Motion should be **GRANTED in part**.

### BACKGROUND

On November 26, 2019, American Patents LLC ("American Patents") sued Shenzhen Tenda Technology Co., Ltd. ("Shenzhen") for directly infringing three patents: U.S. Patent Nos. 7,088,782 ("the '782 Patent"), 7,310,304 ("the '304 Patent"), and 7,706,458 ("the '458 Patent") (Dkt. #1).

On December 4, 2019, Shenzhen was served with a summons and a copy of the complaint by service upon the Secretary of State of Texas (Dkt. #9). On December 9, 2019, the Secretary of State of Texas forwarded the summons and complaint to Shenzhen, using the address listed in Shenzhen's filings with the FCC (Dkt. #11). Shenzhen did not appear in the case, respond to the complaint, or otherwise acknowledge receipt.

On January 6, 2020, American Patents emailed Shenzhen using the email address listed on Shenzhen's website (Dkt. #11, Exhibit 2 at ¶ 7). The same day, American Patents mailed a

physical copy of the complaint, return of service, and certificate of service (Dkt. #11, Exhibit 2 at ¶ 9).  Still, Shenzhen took no action.

On January 13, 2020, American Patents requested that the Clerk of this Court enter a default against Shenzhen (Dkt. #11).  The Clerk soon entered the default (Dkt. #12).

On July 6, 2020, American Patents moved for leave to conduct discovery to determine damages (Dkt. #15).  On July 23, 2020, the Court granted the motion and entered a Discovery Order and a Protective Order to facilitate the discovery (Dkt. #17, #18).

American Patents began discovery.  In July, American Patents sent subpoenas to Shenzhen's retailers, including Amazon, Walmart, and NewEgg.  On December 4, 2020, after receiving the last set of documents from the retailers, Plaintiff sent its First Set of Requests for Admission to Shenzhen (Dkt. #20, Exhibit 8).  The USPS returned a receipt confirming transmission (Dkt. #20, Exhibits 9-10).  Shenzhen never responded.

On February 12, 2021, American Patents moved for entry of default judgment (Dkt. #20). Again, Shenzhen never appeared, responded, or otherwise acknowledged the case.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure establishes a three-step process for securing a default judgment: (1) default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure; (2) the clerk must enter default when the default is established by affidavit or otherwise; and (3) after the clerk's entry of default, a plaintiff may then apply to the clerk or the court for a default judgment.  FED. R. CIV. P. 55; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

In determining whether to enter a default judgment against a defendant, courts within the Fifth Circuit use a three-part analysis. *E.g.*, *1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, courts consider whether a default judgment is procedurally warranted. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998). Whether default judgment is procedurally warranted is a six-part inquiry:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

Second, courts assess the merits of the plaintiff's claims to determine whether a default judgment is substantively warranted. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Courts assume that a defendant, by his default, admits a plaintiff's well-pleaded allegations of fact—however, a defendant does not, by his default, admit to facts that are not well pleaded or to conclusions of law. *Id.*

Third, courts must determine what form of relief, if any, the plaintiff should receive. *1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. at 384. A party's default is not considered an admission to allegations concerning damages. *U.S. For Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Courts must typically hold a hearing to determine what relief is appropriate before granting a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (citation omitted); *see also* FED. R. CIV. P. 55(b)(2). But if the amount of damages is a "liquidated sum or one capable of mathematical calculation," a hearing is not required. *Id.* (citation omitted).

Although default judgment is generally disfavored, *Lacey v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000), entry of a default judgment is not an abuse of discretion when a defendant fails to

answer a complaint. *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973) (per curiam), *cert. denied*, 414 U.S. 1073 (1973).

## ANALYSIS

The Court finds that American Patents is entitled to a default judgment.  First, default judgment is procedurally warranted because Shenzhen never answered, responded, or appeared in this case.  American Patents contacted Shenzhen numerous times through the Secretary of State of Texas, by email, and by physical mail.  Over eighteen months, Shenzhen never acknowledged this suit despite ample notice.  Thus, the Clerk properly entered default (Dkt. #12).

Second, default judgment is substantively warranted.  American Patents owns the three asserted patents, which are not expired and are presumed valid.  Shenzhen's liability is well-pleaded in American Patents' original complaint (Dkt. #1).  Shenzhen is deemed to admit American Patents' well-pleaded allegations of fact.

And third,  American Patents' damages are based on third-party discovery from Shenzhen's retailers like Amazon, Walmart, and NewEgg.  American Patents uses this discovery to calculate its damages for patent infringement in detail (*See* Dkt. #20 pp. 9-15).  The Court will conduct an evidentiary hearing on a reasonable royalty for the asserted patents.

Therefore, Shenzhen Tenda Technology Co. Ltd. is **ADJUDGED** to infringe American Patents' United States Patent Nos. 7,088,782, 7,310,304, and 7,706,458.

The Court **SETS** this case for an evidentiary hearing on damages on **Tuesday, May 4, 2021 at 3:00 P.M**.  American Patents shall be prepared to present admissible evidence in support of the damages it requests.  The Court will award interest and costs as appropriate in the Final Judgment.

American Patents is further **ORDERED** to immediately serve a copy of this Order on Defendant.

**IT IS SO ORDERED.**

**SIGNED this 20th day of April, 2021.**

                                                 AMOS L. MAZZANT
                                                 UNITED STATES DISTRICT JUDGE